IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JACK BROWN, JR.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1949-L** |
| | § | |
| **DOLLAR GENERAL, INC.**, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion to Dismiss, filed October 11, 2010. Plaintiff Jack Brown, Jr. ("Plaintiff" or "Brown") did not file a response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants in part and denies in part** Defendant's Motion to Dismiss.

## I.  <u>Background</u>

Brown filed his Original Petition ("Petition") on September 3, 2010, against Dollar General, Inc. Texas. The correct name of the entity Plaintiff intended to sue is Dolgencorp of Texas, Inc. The court **directs** the clerk of court to change the docket sheet to reflect that the correct name of the sued entity is Dolgencorp of Texas, Inc. (hereafter "Defendant" or "Dolgencorp"). Plaintiff sues Defendant for creation of a nuisance, negligence, tortious interference with a business relationship, and discrimination. Brown seeks $350,000 in compensatory damages and $50,000 in exemplary damages.

Defendant removed this action to federal court on September 29, 2010, on the bases that complete diversity exists between the parties and that the amount in controversy exceeds $75,000,

exclusive of interest and costs. Defendant now moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. <u>Standards</u>

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element

or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

### III.    Plaintiff's Factual Allegations

The court sets forth a summary of the factual allegations on which Plaintiff relies for his claims.  Plaintiff sued Defendant as a result of an incident that occurred on or about June 6, 2010, when Plaintiff was shopping at Dollar General, one of Defendant's stores, located at 3617 Shepherd Lane, Balch Springs, Texas.  While Plaintiff was standing in line to pay for items, another gentleman cut in front of the line.  Plaintiff spoke up and asked the gentleman to wait his turn.  The gentleman immediately spoke with hostility, and the manager asked Plaintiff if the gentleman could go ahead and check out because he had fewer items than Plaintiff.  Plaintiff refused, and the manager told Plaintiff that he could go shop at Walmart and then "yanked the shopping basket" away from Plaintiff.  Plaintiff left the store and later returned to demand the manager's or employees' names and the telephone number for Defendant's corporate office.  The store manager refused Plaintiff's request and thereafter called the police.  Pl.'s Original Pet. ¶ 5.

The causes of action asserted by Plaintiff are set forth below:

6.

NUISANCE

Plaintiff asserts that the acts and/or omissions of Defendant did create a private nuisance.  A nuisance is an annoyance[,] and it relates to that which interferes with the use, enjoyment and comfort and specifically relates to property.  Plaintiff asserts that the use and enjoyment of the property located at 3820 Meredith Lane, Balch Springs, Texas 75180[,] has been severely limited[,] as Plaintiff cannot provide for the upkeep of the property, and cannot relax and

enjoy the comfort of the property. Plaintiff asserts that the acts and/or omissions by and through Defendant[']s agents or employees create[] a nuisance[,] as Plaintiff cannot sleep and the effects and affects[sic] of the matters surrounding this lawsuit do directly interfere with Plaintiff[']s ability to go out and earn and keep wages to support his standard of living. Proximate cause and foreseeability strictly relate to negligence, as any reasonably prudent person would have required that each person wait his or her turn and surely would have not been rude, used force, and called the police on a paying, patient, respectable public servant of this city and the United States of America.

7.

## NEGLIGENCE

Negligence is the failure to do what any reasonably prudent person would have done under the same or similar circumstances. Plaintiff asserts that Defendant, by and through the acts and/or omissions[,] did act in [a] negligent manner by failing, refusing, or neglecting to offer or provide assistance, that was adequate to diffuse the situation at hand by allowing people to be checked out when and as they approach[ed] [the] checkout in line. Plaintiff asserts that no person would have been rude, used force, refused superior information, and called the police.

8.

## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

Plaintiff asserts that Defendant did tortiously interfere with a business relationship by and through the acts and omissions of its agents and/or employees by calling the police on a person who was paying for its groceries and items of whatever retail price, who was waiting in line and cut by another party. Plaintiff asserts that Defendant interfered with a business relationship[,] as it called the police on an innocent consumer who caused no disturbance, was not at wrong, and furthermore is a probation officer, hence, a public servant, and the record, filing, accusation and, fact, real or imagined[,] by Defendant's acts and/or omissions do tortiously interfere with a business relationship that exists and any prospective business relationships with anyone.

> Plaintiff asserts that the acts and omissions constituting Defendant's acts and/or omissions to use force against Plaintiff, call the police without necessity, and allow a person of the same racial group, not to mention another or any[,] does[sic] precisely define, point to and illustrate discriminatory practices used, aimed, and directed at Plaintiff.

Pl.'s Original Pet. ¶¶ 6-9.

## IV. Discussion

### A. Private Nuisance

A private nuisance "is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Cox v. City of Dallas, Texas*, 256 F.3d 281, 289 (5th Cir. 2001) (citation omitted). For a person to be liable for a private nuisance, his conduct must be the cause of an invasion of another's interest in land, and the invasion must be "intentional and unreasonable," or it must be "unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Id.*

A plain reading of the allegations in Plaintiff's Petition clearly establishes that Plaintiff was not on his property, and Defendant's agent or employee could not have possibly invaded or interfered with Plaintiff's use and enjoyment of his land. Of course, the offender does not have to be physically present on the injured person's property. For example, the owner of a plant that causes toxic emissions or sewage runoff to interfere with another's use and enjoyment of his property could be held liable to the property owner for creating a private nuisance; however, this is not the situation with Plaintiff. A verbal altercation took place at one of Defendant's stores that is in no way related to the use and enjoyment of Plaintiff's property. Neither Defendant nor its agents have engaged in

any type of conduct or activity that interferes with or impedes Plaintiff's use and enjoyment of his property, or directed or allowed any other person to engage in such conduct. Plaintiff has failed to state a claim upon which relief can be granted, and dismissal of this claim is appropriate.

### B. Negligence

The elements for a cause of action for negligence under Texas law are "a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Whether a legal duty exists is a question of law for the court to determine in light of the particular facts relating to the incident in question. *Golden Spread Council, Inc. v. Akins*, 926 S.W.287, 289 (Tex. 1996) (citation omitted). The court knows of no legal duty breached by Defendant, and Plaintiff fails to allege that such a duty exists under the law. Moreover, assuming all factual allegations of Plaintiff's Petition to be true, the conduct of the store manager, while rude and unprofessional, does not, as a matter of law, rise to a breach of a known legal duty to Plaintiff. While civility and professionalism are often encouraged between the business owner and customer, the court has found no case that holds that rudeness and unprofessional conduct, standing alone, state a claim for negligence. Courts are not the etiquette police, and this court knows of no *legal* duty that requires businesses or their agents and employees to be "nice" to their customers or prospective customers, even though it makes good business sense for them to do so. Accordingly, Plaintiff's negligence claim fails as a matter of law.

### C. Tortious Interference with a Business Relationship

The elements of a cause of action for interference with a contract or business relationship are:

> (1) a reasonable probability that the parties would have entered into a business relationship; (2) an intentional, malicious intervention or an independently tortious or unlawful act performed by the defendant with a conscious desire to prevent the relationship from occurring or with knowledge that the interference was certain or substantially likely to occur as a result of its conduct; (3) a lack of privilege or justification for the defendant's actions; and (4) actual harm or damages suffered by the plaintiff as a result of the defendant's interference, i.e., that the defendant's actions *prevented the relationship from occurring*.

*Texas Disposal Sys. Landfill, Inc. v. Waste Management Holdings, Inc.*, 219 S.W.3d 563, 590 (Tex. App.— Austin 2007, pet. denied) (emphasis in original) (citing *Bradford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2001)). "Conduct that is merely 'sharp' or unfair is not actionable." *Id.* (citations omitted). Upon poring over Plaintiff's Petition, the court notes that he has not even arguably stated a claim. Existing law does not support a claim for tortious interference based on the facts asserted by Plaintiff. Moreover, he fails to allege facts from which one could reasonably infer that the elements of this claim exist. His conclusory allegations do not even marginally approach the standard necessary to state a claim. Accordingly, dismissal of this claim is appropriate.

## D. Discrimination

Plaintiff's claim of discrimination does not meet the test of Rule 8. The allegations simply do not put Defendant on notice of the nature of Plaintiff's claim and the factual bases therefor. Plaintiff has not even put forth a "sheer possibility" that Defendant has acted unlawfully, much less sufficient allegations to set forth a right to relief above the speculative level. Nothing in Plaintiff's Petition allows the court to draw the reasonable inference that Defendant illegally discriminated against Plaintiff. There is no reference to the statute or law that provides the basis for Plaintiff's claim, and a court is not required to strain to find inferences favorable to a plaintiff. Plaintiff must set forth why he believes Defendant discriminated against him and the facts that support this belief.

If Plaintiff intends to allege discrimination because of race, he must set forth facts as to how he was treated differently than someone who was of another race. In setting forth his allegations, Plaintiff may not rely on speculation or make assumptions not supported by underlying facts.

**V.     Conclusion**

For the reasons stated herein, Plaintiff has failed to state a claim upon which relief can be granted regarding all four claims. With respect to Plaintiff's claims for private nuisance, negligence, and tortious interference with a business relationship, the court does not believe, as a matter of law, that Plaintiff can cure the deficiencies identified by amending his pleadings. This is so because Texas law simply does not recognize these claims under the facts and circumstances pleaded by Plaintiff; therefore, repleading cannot cure the deficiencies. Attempts to amend these claims would be futile, and the court, therefore, denies Plaintiff the opportunity to replead these claims. Accordingly, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's claims for private nuisance, negligence, and tortious interference with a business relationship, and they are **dismissed with prejudice**.

With respect to Plaintiff's claim for discrimination, the court **denies** Defendant's Motion to Dismiss. The court does not know the bases for this claim because it is inadequately pleaded. He may be able to adequately allege such a claim. As Plaintiff is *pro se*, he should be given an opportunity to replead this claim so that the court can determine whether he is able to state a claim that withstands a Rule 12(b)(6) motion. Accordingly, rather than dismiss the discrimination claim, the court **orders** Plaintiff to replead it in a manner consistent with the court's instructions and standards as herein set forth. The amended pleading must be filed by **February 18, 2011**. Failure of Plaintiff to file an amended pleading by this date and in accordance with the court's instructions

may result in dismissal of the discrimination claim under Rule 12(b)(6), or Rule 41(b) of the Federal

Rules of Civil Procedure for failure to prosecute or comply with a court order.

**It is so ordered** this 28th day of January, 2011.

Sam A. Lindsay
United States District Judge